UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CLARENCE A. LEE, JR. ) | Case No. 13-14169-BFK |
| ROSE M. LEE ) | (Chapter 13) |
| ) | |
| Debtors ) | |
| _____) | |
| ) | |
| CONGRESSIONAL FEDERAL CREDIT UNION ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | |
| CLARENCE A. LEE, JR. ) | No. _____ |
| ) | |
| and ) | |
| ) | |
| ROSE M. LEE ) | |
| ) | |
| Defendants ) | |

COMPLAINT TO COMPEL TURNOVER OF VEHICLE

The Complaint of Congressional Federal Credit Union ("Plaintiff") respectfully represents:

1. Clarence A. Lee, Jr., and Rose M. Lee ("Defendants") filed a joint petition as debtors under Chapter 13 of the Bankruptcy Code on September 12, 2013.

*Roderick H. Angus, Esq.*
*VSB No. 22592*
*Huston & Angus, PLC*
*Counsel for plaintiff, Congressional Federal Credit Union*
*5529 Lee Highway*
*Arlington, VA  22207*
*Telephone No. (703) 536-5444*
*Facsimile No. (703) 237-2310*
*Email:  RAngus@HALawFIrm.com*

2.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 11 U.S.C. §362.

3.	This is a core proceeding.

4.	Plaintiff is a secured creditor of the Defendants based upon a loan advance ("Vehicle Loan") for the purchase of a 2005 Acura MDX, Vehicle Identification No. 2HNYD18925H529852 ("Collateral").  The Defendants' confirmed Chapter 13 plan ("Plan") provides for all of the postpetition payments on the Vehicle Loan to be made directly to the Plaintiff by the Defendants, outside the Plan.

5.	The principal balance due on the Vehicle Loan is $11,329.96.  The estimated fair market value of the Collateral is approximately $10,000.00.

6.	The Defendants are in default with respect to the postpetition payments on the Vehicle Loan.  The total amount of the postpetition arrearages is now $3,355.43.  The Defendants have not made a postpetition payment on the Vehicle Loan since September 23, 2014.  Their failure to do so also constitutes a default under the provisions of the Plan itself.

7.	Based upon the Defendants' defaults, the Court entered an Order terminating the automatic stay [Dkt. No. 50] on February 21, 2014 ("Order"), with respect to the Collateral.  However, Plaintiff has subsequently been unable to effectuate a self-help repossession of the Collateral in accordance with its rights under the loan documents for the Vehicle Loan.  Upon information and belief, Plaintiff submits that the Defendants have actively thwarted the efforts of its repossession agent to secure possession of the Collateral.

8.	The Defendants have enjoyed the protection of this Court since September 2013.  Although they are no longer legally entitled to remain in possession of the Collateral, the Defendants have wrongfully withheld the Collateral from the Plaintiff for fully one (1) year, since the Order was entered in February 2014.  Plaintiff respectfully requests that this Court grant judgment directing the Defendants to surrender possession of the Collateral to the Plaintiff's agent.

WHEREFORE, plaintiff prays that this Court grant judgment directing the Defendants to turn over possession of the Collateral to the Plaintiff; and Plaintiff seeks such other and further relief as this Court deems just.

>			HUSTON & ANGUS, PLC
>			Counsel for Plaintiff
>			5529 Lee Highway
>			Arlington, Virginia  22207
>			Telephone No. (703) 536-5444
>			Facsimile No. (703) 237-2310
>			Email:  RAngus@HALawfirm.com

>	By:	/s/  *Roderick H. Angus*
>			Roderick H. Angus - #22592